NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3758 |
| Plaintiff - Appellee, | D.C. No. 1:24-cr-00164-DCN-1 |
| v. | |
| LUIS ENRIQUE BARRERA-MONDRAGON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted May 26, 2026**

Before: S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Luis Enrique Barrera-Mondragon appeals from the district court's judgment

and challenges the 23-month sentence imposed upon his guilty-plea conviction for

two counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1)

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and (b)(1)(C). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barrera-Mondragon contends that his sentence is substantively unreasonable because the district court took contradictory positions on the "central sentencing dispute" of whether Barrera-Mondragon would be deported following completion of his sentence. We review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The record does not support Barrera-Mondragon's characterization of the significance of the deportation issue to the court's sentencing decision. The court weighed myriad mitigating and aggravating factors in arriving at the 23-month sentence. To the extent it considered Barrera-Mondragon's deportation status, it viewed it as mitigating. In any event, the court's treatment of Barrera-Mondragon's deportation status was not contradictory; the court reasonably observed that, though Barrera-Mondragon was not yet subject to an immigration detainer, his deportation following his release was almost certain. On this record, the court did not abuse its discretion. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**